IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD WESLEY PENSYL,  :  <br>     Petitioner  : <br>   v.  : <br> MATHEW HALE, WARDEN BLAIR  : <br> COUNTY PRISON, *et al.*,  : <br>     Respondents  : | Case No. 3:26-cv-45-KAP |

Report and Recommendation

Recommendation

    Petitioner's petition for a writ of habeas corpus should be dismissed for lack of jurisdiction without prejudice to filing a civil rights complaint. No certificate of appealability should be issued. In the meantime the Clerk shall administratively close this matter (that is not a dismissal) because petitioner has not paid the filing fee or submitted a valid motion to proceed *in forma pauperis*. The Clerk shall also delete as parties all respondents except the warden of the Blair County Prison. The proper respondent in a habeas corpus matter is the warden of the facility where the prisoner is being held. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). *See* Jeffers v. United States, 2018 WL 1515147 at *1 (W.D. Pa. Jan. 4, 2018), *report and recommendation adopted,* 2018 WL 1513660 (W.D. Pa. Mar. 27, 2018).

Report

    This is being submitted as a Report and Recommendation because preservice dismissal is necessary. It is a waste of time and resources to explore whether the parties might consent to Magistrate Judge jurisdiction where petitioner has chosen the wrong form of action. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rule 4), applicable to Section 2241 petitions through Habeas Rule 1(b), a district court has the power and the duty to examine habeas petitions filed pursuant to 28 U.S.C.§ 2254 before service, to screen out meritless applications and to eliminate the burden on respondents of assembling an unnecessary answer. *See* Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir.1999), quoting Advisory Committee Notes to Habeas Rule 4. The same holds true for habeas petitions under 28 U.S.C.§ 2241. *See* 28 U.S.C.§ 2243. Additionally, a court must always consider whether it has subject matter jurisdiction.

    The petitioner alleges that he has been in the Blair County Prison since August 8, 2024. He is in custody awaiting trial on criminal charges, *see* Commonwealth v. Pensyl,

No. CP-07-CR-2009-2024 (C.P. Blair), Commonwealth v. Pensyl, No. CP-07-CR-1710-2024 (C.P. Blair), awaiting sentencing in February 2026 after having been convicted in October 2025, *see* Commonwealth v. Pensyl, No. CP-07-CR-1709-2024 (C.P. Blair), and having been sentenced in May 2025 without appeal, to a term of imprisonment that may have already expired, *see* Commonwealth v. Pensyl, No. CP-07-CR-257-2023 (C.P. Blair May 27, 2025). Petitioner is represented in all these cases by Mark Zearfaus, Esquire.

If this matter were intended as a habeas corpus proceeding it is clear from the procedural posture of all the matters possibly relevant to petitioner's custody that are set out in the preceding paragraph that this petition is improper and at the least premature. Petitioner seeks discharge from custody on multiple separate charges in violation of the custom and rule that each separate criminal charge giving rise to challenged custody requires a separate habeas petition. That is correctable. What is not correctable is that petitioner has not exhausted any claims because not one of the cases involving petitioner has even proceeded as far as a direct appeal to the Pennsylvania Superior Court.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996, gives a federal court power to issue a writ of habeas corpus to a person challenging a state court criminal conviction and sentence if the petitioner establishes that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.§ 2254(a); *see* Howell v. Superintendent Rockview SCI, 939 F.3d 260, 264 (3d Cir. 2019). But AEDPA contains several limitations on the power to issue a writ of habeas corpus. Because state courts have the initial role in considering federal constitutional challenges to state convictions, *see* Castille v. Peoples, 489 U.S. 346, 349 (1989), the petitioner must first fairly present to the state courts the same legal arguments addressing the same factual context that the petitioner presents to the federal court. *See* Baldwin v. Reese, 541 U.S. 27, 30-33 (2004); Duncan v. Henry, 513 U.S. 364, 366 (1995) (*per curiam*). Therefore, 28 U.S.C.§ 2254(b)(1) and (2) permit this court to deny a writ of habeas corpus sought on a claim that a petitioner's custody is unlawful but do not permit this court to grant a writ of habeas corpus unless the petitioner has exhausted the remedies available for such claims in state court or has shown that there are no remedies effective to protect the petitioner's rights. In Pennsylvania, fair presentation that will exhaust a federal habeas claim requires that the facts and federal legal basis for the claim be presented at least to the Pennsylvania Superior Court. *See* Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004)(exhaustion requires fair presentation of federal claims to the Pennsylvania Superior Court but not to the Pennsylvania Supreme Court), *cert. denied*, 544 U.S. 1063 (2005). *See* McCall v. Wolford, 2025 WL 3959480 at *1 (W.D. Pa. Aug. 22, 2025), *report and recommendation adopted,* 2025 WL 3440544 (W.D. Pa. Dec. 1, 2025).

But petitioner's fundamental problem is that he is trying to use a habeas petition

to present claims that he cannot base a habeas corpus action on. A habeas corpus petition challenges the legal basis for custody. *See* Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Although petitioner makes several conclusory claims that his Fourth Amendment rights were violated and that he is receiving inadequate assistance of counsel, it is clear that what petitioner chiefly presents is a claim "upon the Petitioner's First hand knowledge and belief that respondents are participating in unconstitutional deprivation of rights," Petition at 2. Specifically, petitioner alleges that he believes that he is receiving inadequate medical care in violation of the Eighth Amendment, Petition at 6. According to petitioner the remedy for that is discharge from custody.

A challenge to the conditions of one's confinement is made in a civil complaint. *See* Leamer v. Fauver, 288 F.3d 532, 543 (3d Cir. 2002); Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005) (allowing use of habeas corpus to challenge the Bureau of Prisons' policies concerning release to halfway houses because the fact of confinement in a halfway house is qualitatively "very different" from confinement in a prison). As I stated above, to the extent petitioner intended to actually bring a habeas petition, any possible claim contained in his petition fails for lack of exhaustion. To the extent petitioner is trying to use a habeas petition to avoid the much higher filing fee for a civil complaint, this matter must be dismissed for lack of jurisdiction without prejudice to filing an adequate civil complaint. *See* Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012)(affirming the dismissal for lack of subject matter jurisdiction of a complaint brought as a habeas petition.); Kenney v. Warden Lewisburg USP, 591 Fed.Appx. 45, 47 (3d Cir. 2014) (dismissal of a habeas petition is proper when it does not challenge the fact or duration of the petitioner's imprisonment.); Sabir v. Underwood, 2023 WL 2044303, at *3 (W.D. Pa. Feb. 16, 2023)(dismissing a petition attempted to be used as a civil complaint for lack of subject matter jurisdiction without prejudice to filing a civil complaint subject to the PLRA.); Rast v. Underwood, 2023 WL 12004646 (W.D. Pa. May 31, 2023)(Pesto, M.J.), *report and recommendation adopted as an alternative holding*, 2024 WL 5263713 (W.D. Pa. Dec. 31, 2024)(Fischer, J.).

To consider a petition for a writ of habeas corpus based on a claim of inadequate medical care because it asks for release as a remedy has been rejected by the Court of Appeals as "clever pleading [that] would essentially permit a prisoner to bring any claim within the scope of habeas relief by merely asking for release from custody, thus eviscerating the applicability of civil rights statutes like [28 U.S.C.]§ 1983." Gillette v. Territory of Virgin Islands, 563 Fed. Appx 191, 195 (3d Cir. 2014), *citing* Cardona v. Bledsoe, *supra*.

Pursuant to 28 U.S.C.§ 636(b)(1), the petitioner can, assuming he pays the filing fee or submits a valid motion to proceed *in forma pauperis* within fourteen days file written objections to this Report and Recommendation. In the absence of timely and

specific objections, any appeal would be severely hampered or entirely defaulted. See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE: January 22, 2026

                              Keith A. Pesto,
                              United States Magistrate Judge

Notice by U.S. Mail to:

Todd Wesley Pensyl 940090
Blair County Prison
419 Market Square Alley
Hollidaysburg, PA 16648